JUSTICE WHEAT
dissents.
¶32 I would reverse on the grounds that the DOT failed to establish, during its permit application review process, a reasonable basis for designating the entire 270 acres as a qualifying commercial or industrial site. The record is clear that the primary qualifying activity (gravel mining) is confined to an area of approximately 23 acres in the northwest corner of the property. The billboard signs are located more than 2,000 feet away from the boundary of the gravel mining operation. Because billboards along interstate highways must be located within 600 feet of a qualifying unzoned commercial or industrial area, the only way to approve the location of the signs in this case was to qualify the entire 270 acres.
¶33 In affirming the DOT’s designation of the entire 270 acres as a qualifying commercial or industrial site, the District Court relied on the following findings of fact:
(1) The landowners operate C&H Construction on the property, which includes a gravel mining operation. The construction business is primarily earth moving and excavation;
(2) C&H Construction is connected to two power utilities and has built a 3,200 square foot building that is part of the construction business;
(3) The landowners had their land just east of the current gravel pit drilled for gravel samples. The gravel mining operation started out on 12.6 acres and subsequently expanded another 11.3 acres. The land owners anticipated expanding the operation to accommodate new projects',
(4) Evidence indicates that the land owners have, since beginning their mining operation, intended to continue to operate and expand their gravel mining operation into the future;
(5) Placing the billboards within 600 feet of the gravel pit (as required by §75-15-lll(l)(e), MCA, and Admin. R. M. 18.6.203) would have interfered with the gravel mining operation, as well as its anticipated expansion. It would have required the costly relocation of the billboards with every expansion of the mine', and
(6) The area between the actual pit and the billboards (2,380 feet) is used for storage of equipment for C&H Construction and also includes a spring being developed for use by C&H. The entire area around and at the location of the billboards is used for the construction business, which includes the mining operation, areas for storage of construction equipment, and access roads.
*321 ¶34 There is no evidence to support the conclusion that the billboards, if placed within 600 feet of the gravel pit, would interfere with the operation of the pit or would need to be moved every time the pit expanded, if ever. Furthermore, there is no evidence that the entire distance between the pit and the billboards is needed to park construction equipment.
¶35 Section 75-15-lll(l)(e), MCA, prohibits placement of billboards within 660 feet of the interstate highway, except ‘In unzoned commercial or industrial areas, which areas must be determined from actual land uses and by agreement between the department and the secretary and defined by rules adopted by the commission....” (Emphasis added.) Section 75-15-103(14), MCA, defines an unzoned commercial or industrial area as “an area not zoned... that is occupied by one or more commercial or industrial activities, other than outdoor advertising, on the lands along the highway for a distance of 600 feet immediately adjacent to the activities. ” (Emphasis added.)
¶36 There is no dispute that the existing gravel pit (approximately 23 acres) in the northwest corner of the property qualifies as a commercial or industrial area for purposes of the statute. The question is whether the entire 270 acres qualifies, and on the basis of the evidence in the record, I maintain it does not. Therefore, I would reverse the District Court decision and remand the case back to the DOT for additional evidentiary hearings related to the area of land that would qualify as a commercial or industrial area.